UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DONNA F. DENNEY,

    Plaintiff,

v.                         Case No.

SAINT LEO UNIVERSITY,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, DONNA F. DENNEY, sues the Defendant, SAINT LEO UNIVERSITY, and alleges:

1. This is an action for damages exceeding $15,000.00, exclusive of interest, costs, and attorney's fees, and for other relief to remedy employment discrimination. The Court has jurisdiction under the Equal Pay Act, 29 U.S.C. §§ 206(d) and 215(a) and (3) and Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), and Section 107(a)(2)(A) of the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2617(a)(2)(A). Plaintiff asks that the Court assert supplemental jurisdiction over her Florida law claims under 28 U.S.C. § 1367.

2. Plaintiff is a female former employee of Defendant. She was employed from November 1982 until her termination on or about May 5, 2010.

3. Defendant is an "employer" within the meaning of Section 3(d) of the Fair Labor Standards Act, 29 U.S.C § 203(d), Section 101(4) of the FMLA, 29 U.S.C. § 2611(4), and § 760.02(7) of the Florida Civil Rights Act, and a "person" within the meaning of §

1

1.01(3) and 725.07, Fla. Stat. (2010). It maintains its principal place of business in St. Leo, Florida.

4. Plaintiff became Defendant's Budget Director in July of 2006. On February 27, 2008, she advised Defendant's Chief Financial Officer that she was being paid approximately $12,000.00 to $22,000.00 less per year than similarly-situated male employees holding Master's-level Director positions with Defendant and contrary to Defendant's published salary guidelines. This willful pay inequity persisted throughout her employment.

5. During this same period, Plaintiff applied for and was afforded leave authorized under the FMLA.

6. After and because of Plaintiff's raising her complaint regarding gender-based salary inequity and taking FMLA leave, Plaintiff was subjected to a succession of willful retaliatory adverse employment actions by Defendant, including being placed on a "Corrective Action Plan" without cause, being moved off campus to an isolated, remote and unsafe location, being denied an annual pay raise in 2010, and, ultimately, being terminated.

7. As a result of the above-described salary discrimination and retaliation, Plaintiff has suffered lost salary and benefits, humiliation, and mental anguish and distress.

8. Plaintiff has exhausted all requisite administrative remedies.

## COUNT I—EQUAL PAY ACT

9. The salary discrimination described in paragraph 4, above, violates the Equal Pay Act, 29 U.S.C. §§ 206(d) and 215(a)(2).

WHEREFORE Plaintiff demands judgment against Defendant for lost salary, damages, liquidated damages, attorney's fees and costs.

## COUNT II—EQUAL PAY ACT RETALIATION

10. By the acts alleged in paragraph 5, above, Defendant violated the anti-retaliation provision of the Equal Pay Act, 29 U.S.C. §215(a)(3).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, liquidated damages, reinstatement or front pay, back pay, attorney's fee and costs.

## COUNT III—FMLA RETALIATION

11. By the acts alleged in paragraphs 5 and 6, above, Defendant violated Sections 105(a)(1) and (2) of the FMLA, 29 U.S.C. §§ 2615(a)(1) and (2).

WHEREFORE, Plaintiff demands judgment against Defendant for damages, interest, liquidated damages, reinstatement and other appropriate equitable relief, attorney's fees and costs.

## COUNT IV—FLORIDA CIVIL RIGHTS ACT

12. By the acts alleged in paragraphs 4 and 6, above, Defendant violated §§ 760.10(1)(a) and (b) and (7).

WHEREFORE, Plaintiff demands judgment against Defendant for an order prohibiting such discrimination, back pay, compensatory damages, punitive damages, attorney's fees and costs.

## COUNT IV—FLORIDA EQUAL PAY ACT

13. By the acts alleged in paragraph 4, above, Defendant violated § 725.07(1), Fla. Stat.

WHEREFORE, Plaintiff demands judgment against Defendant for compensatory damages, punitive damages, and reasonable attorney's fees.

## JURY TRIAL DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

                                                                                                         _____  
MARK F. KELLY  
Florida Bar Number 216755  
mfk@kellyandmckee.com  
ROBERT F. McKEE  
Florida Bar Number 295132  
kmpa@kellyandmckee.com  
MELISSA C. MIHOK  
Florida Bar Number 555851  
mcm@kellyandmckee.com  
KELLY & McKEE, P.A.  
1718 E. 7th Ave., Suite 301  
Tampa, FL 33605  
(813) 248-6400  
(813) 248-4020 (Facsimile)